# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BURRIOLA,

    *Petitioner*,

vs.

PALMER, *et al.*,

    *Respondents.*

3:11-cv-00708-RCJ-WGC

ORDER

    This habeas action comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases, following upon payment of the filing fee (#4).

    Under Local Rule LSR 3-1, petitioner may challenge a state court conviction and/or sentence only upon the Court's required Section 2254 petition form. In the present case, petitioner seeks to file a handwritten motion to correct an illegal sentence. There is no such vehicle for challenging a state court conviction or sentence in federal court. A petitioner instead must file a Section 2254 habeas petition on the Court's required petition form.

    The matter therefore will be dismissed without prejudice. A dismissal of this matter without prejudice will not materially impact the analysis of whether or not a subsequent petition is untimely, successive and/or otherwise deficient. Petitioner is seeking to challenge his February 23, 1999, judgment of conviction in No. C143171 in the Eighth Judicial District Court, State of Nevada. Petitioner previously challenged the same conviction in No. 3:06-cv-00059-PMP-RAM, and the Court dismissed that petition as untimely. Petitioner sought to

challenge the same conviction again in No. 3:10-cv-00357-LRH-VPC, and the Court dismissed that petition as successive.[1]

IT THEREFORE IS ORDERED that the Clerk of Court shall file the motion (#1-1) to correct illegal sentence, that said motion is DENIED, and that this action is DISMISSED without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the Court's dismissal of the action without prejudice to be debatable or incorrect.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: October 27, 2011.

ROBERT C. JONES
Chief United States District Judge

---

[1] Nothing in this order holds or implies that the papers and claims are not free of other deficiencies. For example, petitioner alleges that his conviction for second degree murder should be set aside due to the alleged use of a *Kazalyn* charge. However, a *Kazalyn* charge concerns the distinction between first degree murder and second degree murder. Petitioner was not convicted of first degree murder.